UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 21-14404-CIV-CANNON/McCabe

**INNOVATIVE VEHICLE**
**SOLUTIONS WEST, LLC**,

 Plaintiff,

v.

**RENNTECH, INC.,**

 Defendant.
_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S AMENDED MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Magistrate Judge Shaniek M. Maynard's Report and Recommendation (the "Report") [ECF No. 31], entered on June 16, 2022. The Report recommends that Defendant's Amended Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss") [ECF No. 16] be granted in part and denied in part. Specifically, the Report recommends that Plaintiff's breach of contract and unjust enrichment claims be permitted to proceed, and that Plaintiff's negligence claim be dismissed with prejudice [ECF No. 31 p. 18]. On July 7, 2022, Defendant filed Objections to the Report [ECF No. 45], to which Plaintiff responded [ECF No. 49]. Plaintiff did not file any Objections. The Court has conducted a de novo review of the Report, Defendant's Objections, Plaintiff's Response to Defendant's Objections, and the full record. Following that review, the Court **ACCEPTS** the Report [ECF No. 31] as modified in part by this Order and offers supplementary analysis in response to Defendant's Objections.

CASE NO. 21-14404-CIV-CANNON/McCabe

**FACTUAL & PROCEDURAL BACKGROUND**

This case concerns various agreements related to the building and customization of a Ford van for promotional display at a Las Vegas trade show. On May 30, 2017, Plaintiff Innovative Vehicle Solutions West, LLC ("IVS West"), doing business under the name El Kapitan, entered into a contract with nonparty Ford Motor Company ("Ford") in which Plaintiff agreed to customize a Ford 2017 Transit 350 HD for Ford's promotion of its van line at an automotive trade show in Las Vegas in November 2017 [ECF No. 5 ¶¶ 9–11]. That agreement required Plaintiff to make the customized van available for advertising and promotion [ECF No. 5 ¶ 12]. Plaintiff IVS West "cooperated with its corporate sibling" Innovative Vehicle Solutions, LLC ("IVS"), a non-party to this action, to fulfill Plaintiff's obligations under the Ford Agreement [ECF No. 5 ¶ 14]. IVS provided IVS West with financial support and project supervision [ECF No. 5 ¶ 14]. Non-party IVS entered into a separate agreement with Defendant Renntech, Inc. ("Renntech") to complete various work and modifications for the van [ECF No. 5 ¶¶ 15–17]. As evidence of that agreement, Plaintiff attaches to its Amended Complaint the following: (1) a letter of intent dated April 13, 2017, from Renntech to IVS [ECF No. 5-2], (2) email correspondence dated June 30, 2017, between Renntech and IVS regarding the "El Kapitan RENNtech Sema Project" [ECF No. 5-3], and (3) the October 4, 2017, agreement between Renntech and IVS, which includes a completion plan for the van project [ECF No. 5-4].

Renntech agreed to complete the work on the van (except for the visor) by October 13, 2017 [ECF No. 5 ¶ 18; *see* ECF No. 5-4 ("The following work is to be completed by RENNtech anticipated to be completed by 10/13/2017 . . . .")]. Plaintiff contends that Defendant always knew that Defendant's work on the van was in furtherance of the Ford Agreement and that Ford intended to take the van on a nationwide tour of Ford dealerships and sell the van for profit

[ECF No. 5 ¶¶ 19–20].

Plaintiff alleges that Renntech failed to complete its work by the deadline of October 13, 2017, and further, that the work that it did complete was deficient [ECF No. 5 ¶¶ 24–29]. Plaintiff also alleges that the van was unroadworthy and dangerous due to alleged defects in Renntech's welding work [ECF No. 5 ¶¶ 33–37]. As a result, Plaintiff alleges that the van ended up with only a salvage value of $25,000.00 instead of the $244,000.00 valuation it would have had if Renntech completed the work properly [ECF No. 5 ¶¶ 38–39]. On October 1, 2021, IVS assigned its claims against Renntech to Plaintiff IVS West [ECF No. 5 ¶ 40; *see* ECF No. 5-6].

Plaintiff initiated this action on October 12, 2021, bringing claims against Defendant for (1) breach of contract, (2) unjust enrichment, and (3) negligence [ECF No. 5 ¶¶ 41–50]. On November 12, 2021, Defendant filed a Motion to Dismiss, seeking to dismiss each of Plaintiff's claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure [ECF No. 16]. Plaintiff filed a Response in Opposition [ECF No. 22], and Defendant replied [ECF No. 26]. The Court referred the Motion to Dismiss to Magistrate Judge Maynard for a Report and Recommendation [ECF No. 27].

On June 16, 2022, Judge Maynard issued the instant Report recommending that Defendant's Motion to Dismiss be granted in part and denied in part [ECF No. 31]. The Report determines that the Motion to Dismiss should be denied as to Plaintiff's breach of contract and unjust enrichment claims, allowing those claims to proceed [ECF No. 31 p. 18]. The Report further recommends dismissing Plaintiff's negligence claim with prejudice [ECF No. 31 p. 18].[1]

Defendant raises five objections—three concerning the breach of contract claim and two

---

[1] On July 8, 2022, the Court entered a Scheduling Order referring certain matters to Magistrate Judge Ryon M. McCabe as the new paired Magistrate Judge [ECF No. 46].

concerning the unjust enrichment claim [ECF No. 45]. As to breach of contract, Defendant objects as follows: (1) the Report incorrectly found that Plaintiff stated a breach claim as an assignee; (2) the Report incorrectly found that Plaintiff stated a breach claim on the alternative theory that Plaintiff was a third-party beneficiary; and (3) the Report was incorrect in finding that Plaintiff stated a claim despite mixing its assignment and third-party beneficiary theories under a single cause of action, in contravention of Rule 10(b) [ECF No. 45 pp. 4–11]. As to unjust enrichment, Defendant claims error in the Report's finding that Plaintiff's unjust enrichment claim is timely and may proceed as an alternative claim alongside Plaintiff's breach of contract claim [ECF No. 45 pp. 12–14].

The Report is ripe for adjudication.

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

Upon review, the Court agrees with the Report that Defendant's Motion to Dismiss should be granted in part and denied in part. The Court offers the following analysis in response to Defendant's various objections and modifies slightly the Report's analysis as indicated below.

\*\*\*

Defendant's first objection to the Report is that it erred in finding that Plaintiff sufficiently alleges a breach of contract [ECF No. 45 pp. 4–7]. According to Defendant, Plaintiff does not adequately state a breach of contract claim because Renntech did not have a duty to complete its work by the alleged due date of October 13, 2019 [ECF No. 45 p. 4]. Defendant points to the attached agreement, which describes Renntech's work as "anticipated to be completed by 10/13/2017" [ECF No. 5-4]. Defendant contends that the "anticipated" language shows no firm duty as relates to timing of completion [ECF No. 45 p. 5]. The Court disagrees. Plaintiff's Amended Complaint specifically alleges that "Renntech agreed to complete its scope of work . . . by October 13, 2017" [ECF No. 5 ¶ 18]. This is buttressed by Plaintiff's allegation that Defendant knew that its work on the custom van was in furtherance of the Ford Agreement, which itself provided for a debut of the van at the 2017 SEMA auto show scheduled for November 2017— mere weeks following the scheduled completion date specified in the Complaint [ECF No. 5 ¶¶ 10, 19]. On this record, taking Plaintiff's allegations as true, and construing all reasonable inferences in Plaintiff's favor, the Report correctly determines that Plaintiff adequately alleged Defendant's duty to complete the work for purposes of stating a breach of contract claim.

Defendant next objects to the Magistrate's alternative finding that Plaintiff, a non-party to the contract between IVS and Defendant, stated a breach of contract claim as a third-party beneficiary to the contract [ECF No. 45 pp. 7–10; *see* ECF No. 5 ¶ 21]. After concluding that

Plaintiff was permitted to sue on the contract pursuant to the assignment of claims from IVS to Plaintiff [ECF No. 5-6], the Report analyzed Plaintiff's alternative third-party beneficiary theory—finding the allegations in the Complaint sufficient to confer third-party beneficiary status upon Plaintiff [ECF No. 31 pp. 8–10]. Defendant says this is incorrect because the contractual provisions upon which the Report relies do not indicate that both parties to the contract (IVS and Defendant) intended primarily and directly to benefit Plaintiff [ECF No. 45 pp. 7–10]. Upon review, finding sufficient ambiguity on the question whether both parties to the contract clearly expressed an intent to benefit Plaintiff primarily and directly, the Court need not determine whether Plaintiff qualifies as a third-party beneficiary. The assignment in this case [ECF No. 5-6] is sufficient to permit Plaintiff to bring a claim on the contract.[2] The Report's conclusions on the third-party beneficiary point therefore are not accepted for purposes of this Order at this stage, although the parties may revisit this issue as necessary on summary judgment.

Defendant further objects to the Report, arguing that the Magistrate erred in finding that Plaintiff stated a breach claim despite mixing (or lumping together) its assignment and third-party beneficiary theories under a single count [ECF No. 45 p. 11 ("Each claim is founded on a different legal theory with different and distinct elements and proof.")]. The Court is not persuaded. Rule 10(b) requires separation of claims that are not based on the same factual "transaction or occurrence," Fed. R. Civ. P. 10(b), and "separation, under [Rule] 10(b), is discretionary and

---

[2] Defendant further notes in a footnote (but does not fully argue as an objection) that the assignment was invalid because IVS did not assign its claims until after the alleged breach occurred. The Report rejected this argument, noting that Defendant offered no authority for this proposition. The Court agrees. The assignment of IVS's contractual rights to IVS West in this case is presumptively valid because it is neither forbidden by statute or public policy nor validly precluded by contract. *See Kohl v. Blue Cross & Blue Shield of Fla., Inc.*, 988 So. 2d 654, 658 (Fla. 4th Dist. App. 2008) ("All contractual rights are assignable unless the contract prohibits assignment, the contract involves obligations of a personal nature, or public policy dictates against assignment."); *see also* Restatement (Second) of Contracts § 317 (1981).

unnecessary if the claims arise from the same actions or underlying circumstances." *Capital Factors, Inc. v. Heller Fin., Inc.*, 712 F. Supp. 908, 911 (S.D. Fla. 1989). Here, whether suing as an assignee or as a third-party beneficiary, Plaintiff's breach of contract claim arises out of a single transaction or occurrence, namely the agreement between IVS and Defendant. Defendant's objection invoking Rule 10(b) fails.

Defendant also argues that the Report erred in finding that Plaintiff's unjust enrichment claim may proceed as an alternative alongside Plaintiff's breach of contract claim [ECF No. 45 pp. 12–13]. As Defendant explains, alternative pleading of an unjust enrichment claim is proper in this context only if one of the parties disputes the existence of the alleged express contract [ECF No. 45 p. 12]. That is a correct statement of Florida law; once there is no dispute as to the *existence* of an express contract between the parties concerning the subject matter in dispute—not to be confused with a party's ultimate *success or recovery* on the merits of a breach theory pursuant to an express contract—the quasi-contractual theory of unjust enrichment fails. *See F.H. Paschen, S.N. Nielsen & Assocs. LLC v. B&B Site Dev., Inc.*, 311 So. 3d 39, 49 (Fla. Dist. Ct. App. 2021); *Zarrella v. P. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010). To the extent the Report suggests otherwise, the Court does not adopt that view. But the Court does agree with the Report's ultimate conclusion not to dismiss Plaintiff's unjust enrichment theory at this point—and here is why. Defendant does not dispute the existence of a written contract [ECF No. 45 p. 13], but Defendant still very much disputes the validity and enforceability of the contract *between the parties*, again based on what Defendant believes was an invalid assignment of claims between IVS and Plaintiff [ECF No. 45 p. 7, n.3]. *C.f. Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st Dist. Ct. App. 2008) ("We agree that appellee's unjust enrichment claim was precluded by the existence of an express contract *between the parties*

7

concerning the same subject matter." (emphasis added)). Thus, without commenting on the merits of Plaintiff's unjust enrichment claim, dismissal of Plaintiff's alternatively pleaded unjust enrichment claim is premature at this stage and may be revisited on summary judgment.

Finally, Defendant objects to the Report's conclusion that the unjust enrichment claim is not barred by the four-year statute of limitations under Fla. Stat. § 95.11(3)(k) [ECF No. 45 pp. 12–14]. Plaintiff initially filed this action on October 5, 2021 [ECF No. 1]. Accordingly, to be timely, Plaintiff's unjust enrichment claim must have accrued after October 5, 2017. Under Florida law, an unjust enrichment claim accrues when the benefit is conferred, which, in this context, generally occurs when the defendant is paid. *See Barbara G. Banks, P.A. v. Thomas D. Lardin, P.A.*, 938 So. 2d 571, 577 (Fla. 4th Dist. Ct. App. 2006) (finding unjust enrichment claim accrued for statute of limitations purposes when defendant received payment). Here, the agreement indicates multiple payment dates: July 20, 2017, October 5, 2017, and October 13, 2017 [ECF No. 5-4]. Defendant argues that the claim accrued on the first payment date, July 20, 2017, citing *Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, 857 F. Supp. 2d 1294 (S.D. Fla. 2012), *aff'd*, 714 F.3d 1234 (11th Cir. 2013) [ECF No. 45 p. 14]. However, that case involved particulars of a broker relationship not applicable to this case.[3] In light of the multiple payment dates at issue here, and

---

[3] *Merle Wood & Assocs., Inc.* involved a brokered yacht sale transaction in which the plaintiff, a yacht broker, introduced the defendant, a yacht seller, to a prospective buyer who ended up purchasing the yacht, but the seller refused to pay the allegedly agreed upon 5% commission. 857 F. Supp. 2d at 1296–1300. The court found, under the particular facts presented in that case, "that the earliest time that the [plaintiff] broker conferred a benefit upon the [defendant] seller is the time that the seller and the buyer executed a purchase agreement after being brought together by the broker." *Id.* at 1310. This was so, the court explained, "because execution of a contract creates a binding legal relationship between the buyer and seller," and thus, "the latest time that a broker confers a benefit upon a seller is when the first payment by the buyer to the seller is made." *Id.* "At such time, there is no question that the seller has been tangibly enriched." *Id.* Here, unlike the broker introduction in *Merle Wood & Assocs., Inc.*, the alleged enrichment benefit to Defendant is direct payment from IVS.

construing all reasonable inferences in Plaintiff's favor, the Court agrees with the Report that it is not clear from the face of the complaint and the agreement when the benefit to Defendant was conferred. The statute of limitations does not bar the claim at this stage.

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 31] is **ACCEPTED**.

2. Defendant's Motion to Dismiss [ECF No. 16] is **GRANTED IN PART AND DENIED IN PART**.

3. Counts I and II may proceed. Defendant shall file an answer on or before **August 18, 2022**.

4. Count III is **DISMISSED WITH PREJUDCE**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 28th day of July 2022.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record